**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| POSTESCU AUREL,<br><br>                      Petitioner,<br><br>     v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                      Respondent. | Case No. 2:13-cv-00627-RSM<br><br>ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court upon the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. # 10), Respondent's objections thereto (Dkt. # 11), and Respondent's Supplement to its Objections (Dkt. # 12). The Report and Recommendation, dated August 19, 2013, advises the Court to grant habeas relief, as no evidence established that Petitioner had been afforded a sufficient bond hearing at that time. Dkt. # 10, p. 6. However, Petitioner has since been granted bond through an individualized hearing, an audio recording of which has been filed with this Court. Dkt. # 13. As discretionary detention following an adequate bond hearing is lawful and for the reasons stated herein, habeas relief must be denied.

Petitioner, proceeding pro se, challenges the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE") agency through a Petition for Writ

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS - 1

of Habeas Corpus under 28 U.S.C. § 2241. Dkt. # 1. The Petition arises out of removal proceedings initiated against Petitioner Postescu Aurel, a native of Romania. Dkt. # 7, Ex. A, p. 3. After being convicted of two counts of Second Degree Theft, Petitioner was served with a Notice to Appear charging him with removal under 8 U.S.C. § 1227(a)(2)(A)(ii). *Id.* at 1. Petitioner was taken into custody on March 9, 2012 and was subsequently denied bond after an individualized bond redetermination hearing on April 18, 2012. Dkt. # 7, Ex. D, p. 1. An Immigration Judge ordered Petitioner removed on December 27, 2012. Dkt. # 7, Ex. B, p. 14. Petitioner then filed a renewed motion for bond redetermination, which an Immigration Judge denied on March 11, 2013. *Id.* at Ex. D, p. 3. In addition to finding that Petitioner remained a danger to the community and a flight risk, the Immigration Judge found that Petitioner's convictions subjected him to mandatory detention under 8 U.S.C. §1226(c). *Id.* at 2-3.

Petitioner filed the present Petition for Writ of Habeas Corpus on April 5, 2013, seeking an individualized bond hearing or supervised release pending a final determination on his removal order. Dkt. # 1, p. 2. The Board of Immigration Appeals ("BIA") has since dismissed Petitioner's appeal of his removal order. Dkt. # 8, Ex. A. On July 12, 2013, Petitioner filed a petition for review of the BIA's decision with the United States Court of Appeals for the Ninth Circuit. *See Aurel v. Holder*, No. 13-72468 (9th Cir. 2013). The Ninth Circuit issued a temporary stay for the duration of its review, which remains pending at this time. *Id.* On August 29, 2013, Petitioner was granted a $10,000 bond through a renewed individualized bond redetermination hearing. Dkt. # 11, Ex. A. Respondent therefore requests that the Petition be dismissed as moot, as the Court is unable to affect a remedy addressing Petitioner's requested relief. Dkt. # 7, p. 3.

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS - 2

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens in removal proceedings. Under § 1226(c)(1)(B), "criminal aliens" are subject to mandatory detention for, among other grounds, being deportable for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. However, § 1226(c) only governs "during removal proceedings," which conclude upon dismissal of the petitioner's appeal by the BIA. *Casas-Castrillon v. Dept. of Homeland Security*, 535 F.3d 942, 948 (9th Cir. 2008).

The statutory basis for detention shifts upon conclusion of the alien's removal proceedings. Upon dismissal of an appeal by the BIA and a request for judicial review, an alien ordered removed is subject to discretionary detention under 8 U.S.C. § 1226(a) "pending a decision on whether the alien is to be removed from the United States." *Id.* Unlike mandatory detention under § 1226(c), the Attorney General has the discretion under § 1226(a) to (1) continue to detain the alien, or (2) release the alien on bond of at least $1,500 or on conditional parole. 8 U.S.C. § 1226(a). Before making a bond determination, the Attorney General is required to provide the alien with an individualized bond hearing in front of a neutral decision-maker. *Casas-Castrillon*, 535 F.3d at 951. In order to comply with due process, this "*Casas*" hearing must (1) place the burden of proof on the government to establish by clear and convincing evidence that the alien is a flight risk or will pose a danger to the community, and (2) be recorded contemporaneously through a transcript, audio recording, or similar measure. *Singh v. Holder*, 638 F.3d 1196, 1202-08 (9th Cir. 2001).

The discretionary decisions reached at a *Casas* hearing that satisfies the above requirements are not subject to judicial review. *See* 8 U.S.C. § 1226(e) (providing that "no court may set aside any action or decision by the Attorney General under this section regarding the

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS - 3

detention or release of any alien or the grant, revocation, or denial of bond or parole."). As a result, the Court is unable to review the reasonableness of a bond amount. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (declining to review the reasonableness of a $15,000 bond alleged to be too expensive for the petitioner to afford); *Karanja v. Clark*, 2009 WL 86489 (W.D. Wash. 2009) (concluding that the court was not entitled to review the petitioner's allegedly excessive $20,000 bond).

Following the filing of the Magistrate Judge's Report and Recommendations, Petitioner received a *Casas* hearing, thereby mooting his Petition for Writ of Habeas Corpus. An audio recording of that hearing indicated that an Immigration Judge granted a $10,000 bond despite determining that the government met its burden of proving that Petitioner was a flight risk. Dkt. # 14, tracks 3 (4:50), 4 (0:55). Petitioner reserved his right to appeal this determination. *Id.* at track 4 (1:39). The Petition is therefore moot, as the requested relief has been granted and the Court is not permitted to review the determined bond amount for reasonableness.

The Court, having reviewed Petitioner's Petition for Writ of Habeas Corpus, Respondent's Return Memorandum and Motion to Dismiss, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, any objections or responses to that, and the remaining record, finds and Orders as follows:

(1) The Court declines to adopt the Report and Recommendation.

(2) Petitioner's Petition for Writ of Habeas Corpus, (Dkt. # 1) is **DENIED** as moot, and Respondent's Return and Motion to Dismiss, (Dkt. # 7), is **GRANTED**.

//

//

//

(3) The Clerk shall send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Brian A. Tsuchida.

Dated this 28 day of October 2013.

                                        RICARDO S. MARTINEZ
                                        UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS - 5